VINCENT FERRIE *vs*. A. WILLIAM SPERRY.

Third Judicial District, New Haven, January Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

A defendant's denial of the allegations of a complaint alleging negligence in designating the location of a boundary line, and also a breach of warranty of the correctness of such location so designated, throws upon the plaintiff the burden of proving incorrect the location of the boundary line as designated by the defendant.

In the trial of such a cause, the pleadings, verdict, judgment-file, and charge of the court in an ejectment suit of a third party against the plaintiff, are not proper evidence against the defendant in determining the true boundary line, because he was not a party to that action. The admission of such evidence should be limited to the question of damages.

Error in the admission of testimony may be cured by suitable instructions subsequently given, withdrawing from the jury's consideration the objectionable evidence; but it must be clear that no harm can have resulted to the objecting party. The charge of the trial

court in the present case reviewed, and *held* not to eliminate the harm arising from the improper admission of the evidence.

An argumentative denial in a defendant's answer, setting forth a statement of the defendant's version of a contract between the parties, is vicious pleading, but does not shift the burden of proof. The burden remains upon the plaintiff to prove the contract he alleged.

A civil engineer, in his employment as such, is bound to exercise that degree of care which a skilled civil engineer of ordinary prudence would exercise under similar circumstances; and evidence is admissible to prove what that degree of care is.

Argued January 23d—decided March 7th, 1912.

ACTION to recover damages for the alleged negligence of the defendant, as civil engineer, in locating one of the boundary lines of the plaintiff's land, and for a breach of his warranty that the line as located was true and correct, brought to the Superior Court in New Haven County and tried to the jury before *Holcomb, J.;* verdict and judgment for the plaintiff for $1,519, and appeal by the defendant. *Error and new trial ordered.*

The plaintiff's claim, as stated in the complaint and finding, was, in brief, that having purchased a parcel of land on the westerly side of East Street in New Haven, bounded southerly by one Dunn, and being about to erect an expensive building thereon to cover the entire lot, there being a dispute between him and Dunn as to the location of the division line between them, he employed the defendant, as a civil engineer, to furnish him the true location of that line; that the defendant undertook the employment, but performed it so negligently and unskillfully that he advised the plaintiff that the line was along a location which he designated and pointed out, and which was about fourteen inches farther south than the true line; and that the defendant warranted and guaranteed the line so given to be the true and correct line. Thereupon the plaintiff began the erection of his building, extending it nearly up to the line given by the defendant on the south, and was

met by an action in the nature of ejectment, brought by Dunn, which resulted in the latter's favor. The plaintiff was then obliged to pay the expenses of the litigation and $800 for the land in controversy, to save the greater expense of removing the portion of his building which had been constructed thereon.

The complaint contained two counts; one counting upon the defendant's negligence, the other upon his breach of the warranty. The answer was a general denial with a so-called second defense, wherein the defendant's claim as to the purport of the contract between the parties was stated.

The plaintiff, to prove the true line between the parties, offered evidence to the effect that for a period of thirty years prior to, and up to about eight years before, the institution of this action there was a divisional fence between the two properties, running substantially east and west, two feet north of and parallel with the north side of Dunn's house, and that since 1882 the owner of the Dunn property had been in the uninterrupted, exclusive, peaceable possession of the property up to such fence line, occupying the same under a claim of right which had been acquiesced in and never disputed by the owners of the adjoining land on the north until the plaintiff's encroachment in constructing his building.

The defendant claimed to have proved that he was employed only to survey the plaintiff's land and determine the southerly boundary thereof; that he personally, or by assistants, made an examination of the land records and of the standard map in the office of the city engineer, and consulted with the plaintiff, who lived near the land, as to the lines; and that the latter told him that for twenty-two years last past there had at no time been any fence between the Dunn property and that of the plaintiff, and that a post located near, but a little

southerly of, the west end of the line, which was afterward designated by the defendant as the correct line, had been acquiesced in and agreed upon by the plaintiff and Dunn as being in the boundary line between them. By this and other evidence, the defendant claimed to have shown that he used due care in ascertaining and designating the plaintiff's southerly line.   He also claimed to have shown that the line designated by him was the true line, and that he did not warrant or guarantee it to be correct.

Any other facts necessary to an understanding of the questions raised are stated in the opinion.

*George E. Beers* and *Walter J. Walsh,* for the appellant (defendant).

*Charles S. Hamilton* and *Robert C. Stoddard,* for the appellee (plaintiff).

THAYER, J.   The defendant's denial of the allegations of the complaint threw upon the plaintiff the burden of proving that the location of the Dunn boundary line, as designated by the defendant, was not correct. Against the objection of the defendant, the plaintiff was permitted to introduce in evidence the pleadings, verdict, judgment-file, and charge of the court in the ejectment suit of Dunn against the plaintiff.   After its admission, a motion by the defendant that its admissibility be limited to the question of damages was overruled, and the court stated that it was introduced in proof of the allegations of the complaint.   In the charge, the court instructed the jury that this judgment established the north line of Dunn's lot as parallel with and two feet north of the north wall of the Dunn house, and that as to the parties to that action it is conclusive as to the correct boundary line between the two properties, and, so far as it relates to Ferrie's line, it is the

south line of his lot, and that he cannot dispute it. The jury were further instructed that the charge, verdict, and judgment in that case were not conclusive on the defendant, Sperry, and were not evidence against him, and that it was necessary for them to determine from the evidence—excluding that judgment and charge— whether or not the Sperry line is the correct boundary line between the properties.

We agree with the trial court that the pleadings, charge, verdict, and judgment in the Dunn suit were not proper evidence against Sperry in determining the true boundary line. He was not a party to that action, and was not notified of it and given an opportunity to take part in its defense. This evidence was not admissible against him for such purpose, therefore, and its admission was erroneous and manifestly harmful to him, unless cured by the charge.

An error in the admission of testimony may, in some cases, be cured by suitable instructions subsequently given, withdrawing from the jury's consideration the objectionable evidence. *Gorman* v. *Fitts*, 80 Conn. 531, 534, 69 Atl. 357. In such cases, where it is clear that no harm can have resulted to the objecting party, the improper admission of the testimony affords no ground for a new trial.

In the present case, the claim is that the evidence was not fully withdrawn from the jury, and the charge itself in this respect is complained of. The jury were told, it is true, that the testimony was not conclusive against Sperry; that it was not evidence against him; and that they were to determine the true line from the evidence, excluding the judgment and charge. But, at the same time, they were told that the judgment was conclusive upon the other party to this action, Ferrie; that it established his south line; and that he could not dispute it. We fear that under this instruction the jury may

not have understood that the objectionable evidence was wholly withdrawn from them, and that they may have understood that it established this "judgment line," as the court called it in its charge, unless the defendant by his evidence established a different one. This would place the burden of proof upon this issue on the defendant, where it did not belong. In such case, the harm arising from the improper admission of the evidence would not be eliminated by the charge. We think that the motion to confine the objectionable evidence to the question of damages should have been granted.

The so-called second defense was merely a statement of the defendant's version of the contract between the parties. The court, after reading this second defense to the jury, said to them: "This second defense is denied by the plaintiff, and to establish the fact that this was the tenor of the contract between the parties requires the defendant to prove it by a preponderance of the evidence." As the defendant's counsel say in their brief, "this defense is nothing in the world but an argumentative denial and does not shift the burden of proof." The burden was upon the plaintiff to prove the contract which he alleged. It was not upon the defendant to prove something else. It was enough for him if the jury were in doubt as to which party to believe, as regarded the terms of the contract. The defendant could have given evidence that the contract between the parties was different from that stated in the complaint, without setting it up in his answer. His having done so, did not throw upon him the burden of proving it by a preponderance of the evidence. The court was led into error by the vicious pleading of the parties.

The gist of the plaintiff's cause of action stated in the first count was the negligence of the defendant in his

employment as civil engineer. Having accepted that service from the plaintiff, the defendant, as the jury were properly instructed, was bound to exercise that degree of care which a skilled civil engineer of ordinary prudence would have exercised under similar circumstances. This being the rule, it was important that the jury should know what such an ordinarily prudent engineer would do under the circumstances of this case. Might he simply examine the land records and muniments of title, and observe the fixed monuments and evidences of present occupancy and ownership, or was he bound to scour the neighborhood to learn whether there had been adverse occupancy and claims of ownership of any part of the premises covered by his client's deed by others than the latter's predecessors in title appearing of record? Would good engineering practice require that he examine a city engineer's map, called the "1870 map," the failure to examine which was claimed to constitute negligence on the part of the defendant? The jury would not know, unless informed by evidence, and such evidence was admissible. The defendant criticises several rulings of the court which, he claims, excluded proper evidence offered to prove what, under the circumstances of the defendant's employment, good engineering practice required. One of these rulings, that which is referred to in the fortieth reason of appeal, we think is open to this criticism. The excluded question called for the testimony of the defendant as to what the requirements of such practice are. The other rulings which are criticised as excluding evidence of this character—like those referred to in paragraphs forty-three, forty-four, and forty-five of the appeal, which relate to the 1870 map and the Hill notebook, are justifiable upon the ground that the excluded evidence did not tend to prove what constitutes good engineering practice.

There was no justification for multiplying the reasons of appeal to nearly a hundred, and still less reason for us to consider most of them. The greater part of them have not been noticed in the brief or oral arguments in behalf of the defendant; and it is sufficient to say that we have examined those not herein considered, and find in them no harmful error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.