PHILIP CHIARELLI ET AL. *vs.* MICHAEL PENTINO.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

The certification of evidence on appeal, when no corrections in or additions to the finding are sought, violates our rule and imposes upon the State a large and unnecessary burden of expense.

In a suit for an accounting, the plaintiff must allege and prove that he demanded an accounting prior to suit and that the defendant refused.

A warranty deed was accompanied by a written agreement which recited that the premises had been conveyed by the plaintiffs to the defendant who was "to have absolute control and possession," with the right to collect rents and apply them toward the expenses of maintenance, also the right to sell the property and, after satisfying a note of the plaintiffs to the defendant, to return any remaining sum to the plaintiffs. *Held* that the deed, in the light of the written agreement and attendant circumstances, must be construed as a mortgage.

A decree, ordering a reconveyance of property, may be granted under a general prayer for equitable relief, no specific prayer being necessary.

If upon appeal, it appears that the only objection of the trial court to granting equitable relief was the absence of a necessary party plaintiff, this court may direct the court below to cause him to be made a party and, thereafter, to enter its decree.

Argued April 8th—decided June 2d, 1924.

SUIT to impress an alleged trust in favor of the plaintiffs upon certain real estate of which the de-

Chiarelli v. Pentino.

fendant held the legal title, also for an accounting by the defendant of the rents and profits of said realty, and for other relief, brought to and tried by the Superior Court in New Haven County, *Jennings, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

*Charles W. Bauby,* with whom, on the brief, was *Michael V. Blansfield,* for the appellants (plaintiffs).

*Frank P. McEvoy,* for the appellee (defendant).

WHEELER, C. J. The plaintiffs' appeal does not seek to secure corrections in the finding, hence there was no reason for the making of the evidence a part of the record. Unless the appeal assigns as error the findings as made, or in failing to make other findings, the court should not certify the evidence on appeal. The continued violation of our rule in this particular imposes upon the State a large and unnecessary burden of expense.

The defendant paid to plaintiffs $300, and to the second mortgagees on plaintiffs' premises $1,500, and in return therefor the plaintiffs gave him their note for $1,800, and as security for this note defendant took an assignment of these second mortgages. The plaintiffs did not pay the $1,800 note when it became due, and plaintiffs conveyed to defendant the premises by warranty deed, and at the same time plaintiffs and defendant entered into the agreement Exhibit E. This agreement recited that the plaintiffs, Philip and Luigi Chiarelli, had conveyed to Pentino these premises, and that Pentino was to have absolute control and possession of them, to collect the rents and apply the same toward the expense of their maintenance. The agreement further recites: "He is also to have the right to sell said property at a reasonable figure for

the purpose of discharging a note for 1,250 dollars recently given to the Citizens National Bank, Waterbury, Conn., and replaced by a note dated October 10, 1917, for 1,250 dollars, by the said Michael Pentino. When said note is paid with all interest and all charges herein agreed, said Pentino shall pay to the said Chiarellis, any balance remaining." The finding further recites that the plaintiffs have neither complied nor offered to comply with the terms of Exhibit E, nor has the defendant refused to perform according to its terms, and that after the execution of Exhibit E and before the institution of this action, Philip Chiarelli, one of the plaintiffs, assigned all of his interest under Exhibit E to one Frank Chiarelli, who is not a party to this action.

The court reached these conclusions: 1. Before the plaintiffs could demand either an accounting or reconveyance, it was necessary that they should pay or offer to pay the note for $1,250 on which it was based. 2. The assignment of the rights of the plaintiff Philip Chiarelli to Frank Chiarelli, the latter not being a party to this suit, made it impossible to frame any judgment for the plaintiffs in this action, even had the previous condition been complied with.

While the finding recites, in paragraph eight, that "the agreement, Exhibit E, contains the entire contract made between the parties with reference to the Danbury property and the repayment of the money owed by the plaintiffs to the defendant," we think it must necessarily be considered in connection with the conveyance to the defendant by warranty deed of plaintiffs' premises and the other facts found. The agreement gives to defendant, Pentino, the right to sell the premises and provides for this contingency by requiring him to make an accounting and pay over to the plaintiffs the balance due, if any, including in

the accounting the amount obtained by the sale. It does not specifically provide for the contingency of Pentino continuing to hold title to these premises. We think the parties to the agreement never could have intended to vest in Pentino an absolute title in case he did not sell, while in case he did sell vest in him title to the proceeds of the sale less the debt due Pentino, and in any event require him to account for the rentals less the expenses of maintenance. These provisions of the agreement indicate that in no event was an absolute sale contemplated. The conveyance, construed with this agreement, must be held to be a mortgage. The plaintiffs had the right to secure a reconveyance upon tendering payment of the amount due under the $1,800 note and at the same time demanding an accounting. They also had the right to sue for an accounting having first made demand upon defendant for this, and in the same action allege their readiness to pay the amount of the loan together with any amount due under the accounting and pray for a reconveyance of these premises. The plaintiffs did not specifically pray for a reconveyance, but their general prayer for equitable relief would include this.

One difficulty in the way of according to the plaintiffs the remedies they ask, namely, the fact that one of the plaintiffs has assigned his interest in Exhibit E to one Frank Chiarelli, who is not a party to this action, which the trial court found insurmountable, we think could be reached by our direction to the Superior Court to cause him to be made a party plaintiff and thereafter to enter its decree for an accounting and reconveyance upon the plaintiffs paying to the defendant the amount of this loan less the amount, if any, found to be due plaintiffs on the accounting, or plus the amount, if any, found to be due defendant on the accounting.

There is another difficulty which stands in the plaintiffs' way. The finding recites that defendant has not failed to comply with the terms of Exhibit E, and there is no finding that demand was made on him for an accounting prior to suit and an offer made to pay the loan and any amount found due defendant upon the accounting. A bill in equity praying for an accounting was held on demurrer insufficient for want of an allegation of demand by plaintiffs and refusal by defendants in *Southworth* v. *Smith*, 27 Conn. 355, 358. This is an accepted and a salutary rule of pleading and one which the complaint in this case fully recognizes. The failure to find such demand and refusal is fatal to the plaintiffs' case.

The construction placed by us on Exhibit E considered in the light of the conveyance and the facts found, and the specification of the relative duties of the plaintiffs and defendant, should enable the parties to adjust this dispute without further litigation.

There is no error.

In this opinion the other judges concurred.