## WILLIAM F. BIELBY *vs.* LELAH F. BLINN.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HINMAN, BANKS AND PEASLEY, JS.

Argued April 8th—decided July 31st, 1930.

*Charles A. Pelton,* for the appellant (defendant).

*Don Cambria,* with whom, on the brief, was *Bernard A. Kosicki,* for the appellee (plaintiff).

(1)

PEASLEY, J. The plaintiff in his complaint alleges that he and the defendant own adjoining land; that the defendant has entered upon his land without right, erected a building thereon, driven stakes into it and is proceeding to erect a fence upon it; and asks for damages and equitable relief.

Prior to 1919, one Gilbert was the owner of a strip of land in the town of Madison, bounded on the north by lands of Schutt and others, on the east by Newfield Avenue, on the south by View Street, and on the west by lands of Watrous and others.

On November 17th, 1919, Gilbert conveyed the southerly portion of this strip of land to one Ayer, bounding it northerly by his own land, east by Newfield Avenue, southerly by highway (View Street) and westerly by land of Watrous and another, describing its size as "about ninety feet wide and about one hundred feet long more or less." It was conceded in argument that the dimension "one hundred feet long more or less" is its easterly boundary on Newfield Avenue.

On July 22d, 1921, Gilbert conveyed the northerly portion of this strip of land to one Parmalee, bounding it north by lands of Schutt and others, east by Newfield Avenue, south by his own land and west by land of Watrous and another, without specifying the length of any boundary line.

Parmalee conveyed this lot in 1928 to one Hull, bounding it easterly seventy feet by Newfield Avenue, and Hull conveyed it to the defendant, likewise describing it as bounded easterly seventy feet by Newfield Avenue.

On September 4th, 1923, Gilbert conveyed the middle portion, it being all that remained of his original strip of land, to the plaintiff, bounding it on the north by land of the defendant, east by Newfield Avenue, south by land of Ayer, and west by land of

Watrous and another, stating that the eastern boundary measured forty-six feet more or less.

When Gilbert conveyed the middle lot to the plaintiff they went upon the land and Gilbert pointed out to the plaintiff as its southeast corner an iron pipe that was on the westerly line of Newfield Avenue and one hundred and twenty feet northerly from the point of intersection of the westerly line of Newfield Avenue with the northerly line of View Street, and as its northeast corner an iron pipe on the westerly line of Newfield Avenue, forty-six feet northerly from the other pipe as measured along the westerly line of Newfield Avenue, and Gilbert then stated to the plaintiff that the southern boundary of the Ayer lot was uncertain. Thus the lot as pointed out to the plaintiff by Gilbert began at a point one hundred and twenty feet from the southeast corner of the Ayer lot, giving the Ayer lot a frontage of one hundred and twenty feet on Newfield Avenue, and encroached twenty feet upon the northerly lot as it had been conveyed by Hull to the defendant. The acts of trespass of which the plaintiff complains all occurred upon this latter twenty-foot strip of land.

The trial court having evidence of the statements of Gilbert to the plaintiff about the iron pipes marking the easterly corners of the middle lot, and having before it the deeds by which Gilbert and his successors in title had conveyed the three lots to their then owners, had only to decide whether to rely upon the description of the plaintiff's lot as contained in his deed from Gilbert read in connection with the descriptions in these other deeds and in the light of the surrounding circumstances, or to establish the location of the plaintiff's land by the declaration of Gilbert that the easterly corners were marked by the two iron pipes. The trial court assumed that Gilbert's deed of the southerly lot to Ayer contained an ambiguous description, and admitted evi-

dence of Gilbert's declarations as an exception to the rule against hearsay statements. Gilbert may have thought that there was uncertainty about the location of the Ayer lot, but in the easterly boundary "one hundred feet more or less" there was no patent ambiguity in his deed to Ayer and the finding discloses that it contained no latent ambiguity, as the Ayer lot was bounded on the south by View Street which at the time of the trial had been duly laid out, an iron pipe marking the intersection of its northerly line with the westerly line of Newfield Avenue and the bounds of which appeared of record. The Ayer lot being definitely located made a proper monument for the southerly boundary of the plaintiff's land. *Raymond* v. *Nash,* 57 Conn. 447, 18 Atl. 714; *Beach* v. *Whittlesey,* 73 Conn. 530, 48 Atl. 350.

In the deed from Gilbert to Parmalee there was an ambiguity in its southern boundary, the precise location not being fixed. In the deeds from Parmalee to Hull and from him to the defendant the southern boundary is fixed, since in each of these deeds the land conveyed is bounded seventy feet by Newfield Avenue. If the frontage of the Ayer lot is taken at one hundred feet, as it must be in the absence of any facts showing that it was one hundred and twenty feet, and the plaintiff's frontage on this avenue is that given in his deed, forty-six feet, the total is the two hundred and sixteen feet frontage of the entire original tract owned by Gilbert. In order to reach the conclusion that the plaintiff's frontage is forty-six feet, and that it includes the disputed twenty-foot strip, it is necessary to assume the Ayer lot frontage to be one hundred and twenty feet instead of one hundred feet and the Parmalee-Hull-Blinn frontage as fifty feet instead of seventy feet, and these we think are unwarranted assumptions.

The trial court finds that Gilbert in fact believed

that the boundary of the Ayer lot was uncertain. If this be correct it conflicts with the court's conclusion that the Ayer frontage was one hundred and twenty feet which was indispensable to the court's finding that the plaintiff's lot fronted on Newfield Avenue forty-six feet.

The court further concludes that Gilbert did not intend to deed to the plaintiff a piece of land the north boundary of which from east to west was to be a line running to the west from a point one hundred and forty-six feet on Newfield Avenue measuring from the southeast corner of the Ayer lot, but that Gilbert intended to convey to the plaintiff a lot having a frontage of forty-six feet, the northern twenty feet of which reduced the defendant's frontage from seventy feet, as claimed by her, to fifty. We think these conclusions cannot be justified under these deeds, read in the light of the circumstances, and giving due weight to the declarations of Gilbert, they having been admitted in evidence without objection.

There is error, the judgment is set aside, and the cause is remanded with direction to the Court of Common Pleas to enter judgment for the defendant.

In this opinion the other judges concurred.