THE TEXAS COMPANY *vs.* JACOB R. SLOSBERG ET AL.

Second Judicial District, Norwich, October Term, 1930.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and AVERY, Js.

Argued October 21st—decided November 17th, 1930.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellants (defendants).

*Edmund W. Perkins,* for the appellee (plaintiff).

WHEELER, C. J.   This case arises over a dispute as to the ownership of a strip of land 3.45 feet wide between lands admittedly owned by plaintiff and defendants.   It concerns the location of the proper boundary line between the properties of these parties.   The burden is upon the plaintiff, in view of defendants' denial of the allegations of the complaint, to prove the correct boundary line and its ownership of the tract in dispute together with damages for any accrued loss of rents and profits suffered by it through the wrongful occupation by defendants of this strip of land.   *Ferrie* v. *Sperry,* 85 Conn. 337, 82 Atl. 577.

In 1901 Tarrant conveyed to Mack a tract of land bounded northerly 323.45 feet on the New York, New Haven and Hartford Railroad, southwesterly on the extension of Spring Street—now South Golden Street, southerly on the Shetucket River, three hundred and eighty feet, easterly on land of Marchiel, northerly on White Street and easterly on Erin Street to the place of beginning.   The westerly line of Erin Street, the place of beginning in this deed, is an agreed upon point. In 1904 Mack conveyed to Green a strip of this land seventy-five feet wide, its southeasterly line being parallel with and seventy-five feet distant from its southwesterly line which was the northeasterly line

of South Golden Street. Green built upon this tract a large brick mill building which has ever since been maintained on the tract for about twenty-five years and at the time of the trial was standing thereon. There had been no substantial changes in the South Golden Street face of this main building for the past twenty-five years but a small addition had been built on its southwest end. South Golden Street along the face of this building is forty-five feet wide. Green conveyed this strip, together with the buildings, to The Brainerd and Armstrong Company, who conveyed it to The Corticelli Silk Company, its present owner, which now owns and occupies these premises. The Norwich Savings Society acquired title by foreclosure on April 2d, 1914, to the remainder of the tract conveyed by Tarrant to Mack, and on April 14th, 1914, conveyed the same to Armstrong and Smith. In 1916 Armstrong and Smith conveyed to The Shetucket Coal and Wood Company a portion of these premises, fifty feet wide, beginning one hundred and twenty-five feet northeasterly from land of The Brainerd and Armstrong Company, its easterly and westerly line being parallel, the easterly line being one hundred and twenty-five feet and its westerly line seventy-five feet from the easterly line of The Brainerd and Armstrong Company strip facing on South Golden Street. The tract so conveyed was originally staked out and laid off on the ground by qualified civil engineers, and the easterly or northeasterly line of this tract was laid out two hundred feet easterly or northeasterly from the west face of the main building of The Corticelli Silk Company and was laid out parallel thereto.

In May, 1917, Armstrong and Smith conveyed to The Brainerd and Armstrong Company a portion of the premises acquired by them from the Savings Society, seventy-five feet wide, lying between the Brain-

erd and Armstrong plot, which was seventy-five feet wide, on the east side of South Golden Street and the plot conveyed by Smith and Armstrong to the Shetucket Company in 1916, making the distance from the east side of South Golden Street to the east boundary of the plot conveyed to this company one hundred and fifty feet. In September, 1917, Armstrong and Smith conveyed to The Texas Company, plaintiff herein, a portion of the land which they had acquired from the Savings Society, beginning at the point of intersection of the southerly side line of the right of way of the railroad and the westerly line of Erin Street, thence running southerly along the westerly side of Erin Street 117.5 feet to a point; thence turning at an interior angle of 92° and running in a westerly direction one hundred and thirty-one feet to a point on the easterly line of the Shetucket Company, thence turning at an interior angle of 86° 11′ and running northerly 117.5 to a point in the southerly line of the right of way of the railroad, abutting westerly on the Shetucket Company, thence running along the southerly side line of the right of way of the railroad by a curved line, the chord of which makes an interior angle with the last described line of 93° 50′ and runs about 127.2 feet to the place of beginning. The Texas Company have owned this parcel of land to the present time. The line thus described as "thence turning at an angle of 86° 11′ and running in a northerly direction 117.5 feet to a point in the southerly side line of the right of way" of the railroad abutting westerly on defendants' land is located two hundred feet east or northeasterly of the east or northeast line of South Golden Street, and is parallel thereto.

On April 5th, 1922, The Corticelli Silk Company conveyed to defendants, Jacob R. Slosberg and another, the premises seventy-five feet wide conveyed by Arm-

strong and Smith to The Brainerd and Armstrong Company and by them to The Corticelli Silk Company and lying between the land of The Corticelli Silk Company on the east side of South Golden Street and the land of The Shetucket Coal and Wood Company, which is fifty feet wide.

On October 24th, 1924, in a suit between The Corticelli Silk Company and Jacob R. Slosberg and another, the court reformed the deed as to the eastern boundary of the seventy-five feet plot of The Corticelli Silk Company. The Corticelli Silk Company has built and is maintaining a fence between its premises and those of the defendants on and along the line described in the court's reformed description. Its main building and storehouse have stood and been maintained in their present location for a period of about twenty-five years.

The defendants state in their brief that "the determination of this controversy depends upon the location of the easterly line of South Golden Street." We quite agree with this statement. The plaintiff introduced in evidence a deed by which Joel W. White conveyed in 1847 to David Smith, president of The Norwich Card Manufacturing Company, all of the lands conveyed by Tarrant to Mack in 1901, together with a little additional land on White Street, the lands conveyed being described in part as, "beginning at a point in the southerly bound of lands of the Norwich and Worcester Railroad Company, at the distance of 45 feet easterly from the northeasterly corner of a brick machine shop owned by the grantor Joel S. White; being the easterly bound of Spring Street, so-called, which is reserved and laid out by the proprietor from said Norwich & Worcester Railroad Company to the Shetucket River, 45 feet in width the whole length from a continuous line of the easterly side of said ma-

chine shop referred to, reaching from the Norwich & Worcester Railroad to the Shetucket River."

Spring Street is now called South Golden Street. It is a private street and was laid out by Mr. White, this grantor. There was an old building on the westerly side of South Golden Street forty years ago, which from its construction and appearance had stood there at the time of the trial about eighty years engineer Palmer testified. The northeasterly corner of the building now owned by The Corticelli Silk Company was staked out in the same location as the northeasterly corner of the brick machine shop. At all points along the westerly face of The Corticelli Silk Company building South Golden Street is forty-five feet wide and its westerly face is forty-five feet distant easterly from the face of the old brick machine shop building. The finding of the court that "the westerly face of the west wall of the building now standing on the land of The Corticelli Silk Company is the northeasterly line of South Golden Street" is entirely unassailable.

The west face of The Corticelli Silk Company plot, which is seventy-five feet wide, being the east line of South Golden Street and the east line of the adjoining plot, seventy-five feet wide, being one hundred and fifty feet from the west face of The Corticelli Silk Company building and being coincident with the west line of the plot owned by The Shetucket Coal and Wood Company, which is fifty feet wide, it follows that the west line of this plot is one hundred and fifty feet from the east line of South Golden Street while the east line of this plot and the west line of plaintiff's plot is two hundred feet from the east line of South Golden Street. The easterly line of South Golden Street is the true base to work from, having found it the controversy is determined.

The defendants' contention is that the west face of

The Corticelli Silk Company building is 3.45 feet west of the northeast line of South Golden Street, but the description in the conveyances referred to and the testimony as to the width of this street and the location and existence of the old brick machine shop building and as to the location of the northeast corner of The Corticelli Silk Company building forty-five feet from the location of the like corner of the old brick machine shop building, fully support the conclusion of the trial court which brings the 3.45 feet within the land conveyed to the plaintiff.

If the defendants' contention be accepted their deed while in terms conveying a strip fifty feet wide, its easterly and westerly lines being parallel, in fact conveyed 53.45 feet, and it must ignore the description of the easterly line of this plot as one hundred and twenty-five feet from the land of The Brainerd and Armstrong Company tract, in short it must ignore the fixed monuments and boundaries in the conveyances of portions of the Mack tract made prior to the defendants' deed.

The defendants support this position by reference to the distance between this old brick machine shop and Erin Street given as 323.45 feet in some of the conveyances, for example, the conveyance by The Norwich Savings Society to Armstrong and Smith, "Beginning at a point on the dividing line between this land and land of the N. Y., N. H. & H. R. R. Co., said point being in range with the easterly side of the brick building formerly used as an office on these premises and 9.35 feet northerly from the northeasterly corner thereof; thence westerly 323.45 feet bounding northerly on said railroad land to South Golden Street." Distances in deeds must give way to a boundary or monument. *Pinney* v. *Winsted,* 79 Conn. 606, 66 Atl. 337; *Bielby* v. *Blinn,* 112 Conn. 1, 151 Atl. 357.

The correctness of the court's conclusion is otherwise shown. The deed to the plaintiff conveyed to it all land between the west line of Erin Street, whose location was undisputed, and defendants fifty feet strip and contains a particular description of angles and definite distances, and the plaintiff's westerly line is found to coincide with the location reached by the trial court using the east line of South Golden Street as a base. If the distance given in the deeds of The Corticelli Silk Company, the defendants, and the plaintiff be added together the distance between Erin Street and South Golden Street measured along the southerly line of the railroad will be three hundred and twenty-seven feet and measured between these streets from the intersection of Erin and White Streets will be three hundred and eleven feet, the plaintiff having 127.2 feet at the northerly end of its plot, and from the intersection of these streets to South Golden Street three hundred and thirty-one feet. The conveyance to the plaintiff included all the land between the fifty feet strip of the defendants and Erin Street and included the 3.45 feet in controversy.

There is no error.

In this opinion HINMAN, BANKS and AVERY, Js., concurred; MALTBIE, J., concurred in the result.