FRANK PEPE vs. TONY ACETO.

MALTBIE, C. J., HAINES, BANKS, AVERY and DICKENSON, JS.

Argued November 7th—decided December 5th, 1934.

*T. Holmes Bracken,* with whom was *Maxwell H. Goldstein,* for the appellant (plaintiff).

*Charles Samenow,* with whom was *Cornelius T. Driscoll,* and, on the brief, *Julius Maretz,* for the appellee (defendant).

AVERY, J. This case arises over a dispute as to the ownership of a triangular piece of land containing 2.07 acres, lying between land owned by the plaintiff and land claimed to be owned by the defendant. It concerns the location of a proper boundary line between the properties of these parties. The trial court, after hearing the evidence, concluded that as no deed offered in evidence located the boundary in dispute, the plaintiff had failed to prove his cause by deed, and had also failed to establish title to the premises in dispute by adverse possession. The correctness of these conclusions and a certain ruling upon evidence are the matters involved upon this appeal. The appellant seeks

to have added to the finding certain facts which he claims were admitted or undisputed, and to have stricken from the finding certain other facts as found by the trial court without evidence, and the testimony relating to the requested correction of the finding has been certified. A careful examination of this testimony shows that the facts found by the trial court were based upon evidence, and the additional facts which the appellant seeks to have incorporated into the finding so far as material to present the issues of law decisive of the case were not admitted or undisputed facts, but were in dispute upon the evidence. We conclude, therefore, that no correction of the finding is admissible which will materially benefit the position of the appellant.

The facts found by the trial court, so far as essential to the determination of this appeal, may be summarized as follows: On April 11th, 1916, Frank Pepe, the plaintiff, bought certain property in Branford, Connecticut, from Arthur H. McGowan, administrator of the estate of Robert Holliner, deceased, paying $350 for the same, and receiving an administrator's deed, which was duly recorded in the land records of the town of Branford. By this deed, the land was described as follows: "A certain piece of land situated in the town of Branford, containing ten and one hundred and thirty-one one hundred and sixtieths acres more or less, bounded; north, by land formerly of John A. Wilford; east by land of James Barker and Samuel Beach; south, by land of heirs of Samuel Beach, and west by land of the heirs of William Goodrich, with all buildings thereon." Robert Holliner acquired his title by warranty deed recorded August 19th, 1899, and the plaintiff traced his title through him back to a warranty deed recorded October 21st, 1865, but the southerly boundary of the tract con-

veyed is not fixed with certainty in any of the deeds in the chain of title. Robert Holliner, from whose estate the plaintiff purchased the property, lived for a number of years in a small shack located thereon. This stood in a portion of the premises which was surrounded by a stone wall and was cultivated and contained fruit trees. Near the center of the wall on the southerly side of the enclosed lot, is a gate or barway, and leading therefrom an old wood road, which by a circuitous but generally southerly direction, leads to the main highway and was and is the usual way of access to plaintiff's premises. The defendant claimed to have acquired the property adjoining that of the plaintiff upon the south on February 23d, 1924, by a deed which described his premises as bounded "northerly by land lately owned by William Rogers. Easterly and southerly by land formerly of Timothy Beach. Westerly by land formerly of Simon Quinliven and the heirs of William Goodrich." The deed called for ten acres more or less.

The land in dispute between the parties is a roughly triangular shaped piece, bounded on the wood road and based upon the line of the stone wall, extended in a generally easterly direction. In 1916, when the plaintiff received his deed, it contained some standing timber of substantial size, and was in other parts grown up to brush and bushes. It was not shown that it had ever been previously cleared or cultivated. From April, 1916, when he received his deed, the plaintiff claimed the old wood road as his boundary, and from time to time cut firewood and poles on the disputed tract for his own use. He also cleared and planted a plot of ground fifty-five by seventy feet in dimensions within the disputed area. At that time, the premises southerly of plaintiff's land belonged to several members of the Beach family, elderly people,

who seldom visited the property and had no knowledge that the plaintiff made claim to the disputed area. They claimed as their northerly boundary the line of the stone wall. After the defendant, in February, 1924, claimed to have acquired title, he entered upon the disputed area, laid claim thereto, cut substantially all of the standing timber thereon, and either pulled up or harvested crops planted by the plaintiff in the cleared garden spot. From time to time, the plaintiff ordered the defendant off the disputed premises, but the defendant at all times refused to leave and insisted that the land was his. This dispute between the parties continued uninterruptedly until the time of this suit. In 1924, there were remnants and traces of an old wire fence extending easterly from the stone wall along the southerly side of the Holliner enclosed lot.

The trial court further found that the plaintiff had failed to prove that either Robert Holliner, or any of his predecessors in title, laid claim to or occupied the disputed area, or were in exclusive, continuous, open, notorious, and adverse possession thereof. Upon these facts found, the trial court correctly ruled that the plaintiff had failed to prove his cause by deed. Neither the plaintiff's deed nor that of any of his predecessors in title in evidence located the southern boundary of the plaintiff's land other than being bounded south by land of heirs of Samuel Beach. While title to a particular tract of land, in the absence of any evidence to the contrary, draws possession with it, general possession of the tract will not avail as regards any particular piece of land unless it is satisfactorily shown to have been a part of that tract. In view of the defendant's denial of the complaint, the burden was upon the plaintiff to prove the correct boundary line and his ownership of the tract in dis-

pute. *Texas Co.* v. *Slosberg*, 112 Conn. 357, 358, 152 Atl. 152; *Ferrie* v. *Sperry*, 85 Conn. 337, 82 Atl. 577.

To establish title by adverse possession, it must be of fifteen years duration, General Statutes, § 6004, and the adverse user must be with the knowledge and acquiescence of the owner; to give this knowledge and obtain this acquiescence, the law requires that the owner shall be ousted of possession, that the ouster shall be continued uninterruptedly for the statutory period, and that the possession shall be open, visible and exclusive in another. *Schroeder* v. *Taylor*, 104 Conn. 596, 605, 134 Atl. 63; *School District* v. *Lynch*, 33 Conn. 330, 334. The finding clearly shows that the use, if any, by Holliner was not exclusive and hostile, nor were the defendant's predecessors in title on notice of the existence of any adverse holding. As to the possession of the plaintiff, even if it be considered adverse, it was in any event interrupted in 1924, and at most continued for about eight years. Upon the finding as made, the court correctly ruled that the plaintiff had failed to establish his cause by adverse possession.

It remains to consider a ruling upon evidence. The defendant was produced as a witness on his own behalf and shown a purported original deed to him from Isabel E., Harriet C., and Samuel S. Beach, all of the town of Branford, and Neva E. Beach of the city of New York, which was endorsed, upon the back, as received·for record February 25th, 1934, by Charles A. Hoadley,·town clerk; and, the witness having testified that he saw Samuel Beach sign the document, it was admitted over the objection of the plaintiff. In his answer, the defendant had set forth in a special defense the purchase of the property by him on February 23d, 1924, by deed from these parties. The deed, therefore, was directly in issue, and the proper way to prove it was by one of the subscribing witnesses,

if he could be produced at the trial. *O'Sullivan* v. *Overton,* 56 Conn. 102, 105, 14 Atl. 300; *Kelsey* v. *Hanmer,* 18 Conn. 311, 320. The defendant, in introducing this deed, did not follow this course but offered the original deed signed by four parties upon proof of the signature by one without calling any attesting witness or explaining his failure to do so. This ruling was clearly erroneous. However, we do not consider that the error was harmful in this case or requires a reversal of the judgment. The deed at most tended to show that the defendant claimed a title by deed to the land. It throws no light upon the location of the boundary between the parties. It describes defendant's northern boundary as by land "lately owned by William Rogers" which is the same land as that now owned by the plaintiff. The question which the court decided was the title of the plaintiff to the premises in dispute and the trial court held that the plaintiff had not established his title. In an action of this character, the plaintiff, in order to prevail, is required to do so upon the strength of his own title and not on the weakness of his adversary's; *Tierney* v. *Second Eccl. Soc.,* 103 Conn. 332, 335, 130 Atl. 286; and inasmuch as the trial court found that the plaintiff had never established his title to the premises in dispute, the admission of the deed of the defendant could not have harmed the plaintiff's case.

There is no error.

In this opinion the other judges concurred.