## IDA WOLKOWITZ

vs.

## JACOB WITKIN

Superior Court     New Haven County     File #36197

Present: Hon. ALFRED C. BALDWIN, Judge.

M. B. Snaider,
Joseph E. Lauber,
W. J. McKenna,              Attorneys for the Plaintiff.

Israel J. Jacobs,
Pond, Morgan & Morse,      Attorneys for the Defendant.

### MEMORANDU MFILED FEBRUARY 1, 1936.

BALDWIN, J. Morris L. Berman formerly owned the two properties in suit. Between them was a right of way which included 1 foot and 10 inches of the property known as 148-150 Edgewood Ave. and 3 feet of the property known as 152-154 Edgewood Ave. Berman mortgaged both properties by separate deeds to the Mechanics Bank of New Haven. In 1925 while these mortgages were still on the properties, Berman built an addition to 152-154 Edgewood Ave. extending over the right of way to within about six inches of the building on 148-150 Edgewood Ave. He did this without the knowledge or consent of the mortgagee. The defendants got title to 152-154 Edgewood Ave. by redeeming in a foreclosure action brought by the Mechanics Bank on said property. The Bank foreclosed its mortgage on the other property and conveyed it to the plaintiff subsequent to the time when the defendants acquired title to theirs.

The Bank knew, as did the plaintiffs at the time of their conveyance, of the existence of the structure.

"By foreclosure proceedings a mortgagee obtains such title and such only, as the mortgagor had the power to mortgage at the time the mortgage was given," **Gaul vs. Baker 105 Conn. 80; Hartford Realization Co. vs. Travelers Ins. Co. 117 Conn. 224,** "a mortgagee gets the legal title to the property and in the absence of an agreement or other circumstance debarring him from so doing, is entitled to possession" and

title draws possession with it. **Pepe vs. Aceto 119 Conn. 287.**

It so appears the Mechanics Bank got title to the property as it existed when mortgaged to it and conveyed to the plaintiff the same interest. Berman could not defeat this interest and the Mechanics Bank, had it been the plaintiff in this action, and not guilty of laches, would have been entitled to the judgment sought. Does the fact that the plaintiffs bought knowing of the encroachment affect this right?

It would seem that if the plaintiffs acquired title, while Berman owned it, without knowledge of the encroachment, they would be entitled to its removal even at considerable expense to Berman.

But the defendants, too, acquired title after Berman had encroached upon the right of way although it does not appear they knew of the encroachment. They took title apparently to preserve their mortgage debt. Again the plaintiffs must prove irreparable damage as well as allege it. **Fitzgerald vs. Merard Holding Co. 106 Conn. 475.** They have failed to prove the encroachment has been deleterious except as it affects the market value of their property. It does not obstruct their light for they have but a single window on this side and that is left exposed. While they claim damage by water they have not sustained this by proof. They were content to buy their property as it stood which hardly presents a case of existing irreparable damage.

It is found they are not entitled to equitable but are entitled to legal relief.

Such relief can be given once for all time and it would seem the measure of damages in such a case might well be the difference in market value at the time. There is a considerable difference in the estimate of the plaintiff's and defendant's experts as to this.

Judgment is directed for the plaintiff to recover eight hundred dollars damages.