VINCENZO BARCA ET AL. *v.* LORETTA MONGILLO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 9—decided February 5, 1947

*Benjamin M. Chapnick,* with whom, on the brief, was *John M. Chapnick,* for the appellant (defendant).

*Richard H. Bowerman,* with whom was *Morris Tyler,* for the appellees (plaintiffs).

DICKENSON, J. This action was brought on two counts. In the first count the plaintiffs sought to

quiet title to their land and in the second to recover damages for trespass upon a driveway on their land and to obtain injunctive relief against further trespass on it. Judgment was rendered for the plaintiffs on both counts granting the relief sought. From this judgment the named defendant has appealed. In brief and oral argument she concedes title in the plaintiffs to the land described in the complaint but contends that it does not appear from the finding or the evidence that the driveway in question was on this land or that the plaintiffs were in exclusive possession of it so that trespass would lie. The plaintiffs on their part contend that the sole question involved in the appeal is whether the evidence supported the finding that the defendants had failed to prove title in themselves by adverse possession. The resort of the parties to the evidence is unwarranted. There are no specific assignments of error addressed to the finding; Conn. App. Proc. § 104; and we cannot review the decision of the trial court upon the basis of the evidence printed in the record. *Chiarelli* v. *Pentino,* 100 Conn. 686, 687, 124 A. 806; Conn. App. Proc., p. 139. The only issue before us is whether the ultimate conclusions of the trial court are supported by the subordinate facts found.

The facts necessary for a determination of the questions involved are as follows: The plaintiffs are the owners of lots 16 and 17 on a "Map of Warner's" of land on Mettler Street, Woodbridge, by virtue of a warranty deed dated June 13, 1931. After the plaintiffs purchased the lots they had their property surveyed and surveyor's stakes placed. They built on lot 16 a garage and a driveway to it. The defendant is the owner of lots 14 and 15 on the

Warner map, which were conveyed to her April 5, 1938. She did not have these lots surveyed. There is a house on the defendant's land, the easterly side of which is about three feet from the westerly line of plaintiffs' lot number 16. No evidence of any claims of interest in lots 16 or 17 was offered by the defendant. On June 21, 1945, the plaintiffs warned the defendant to discontinue using "the land in question" but she continued to make use of it up to the time of trial.

The claim of the defendant as stated in her brief is that the land in question, that is, a driveway, is not a part of the plaintiffs' lot 16 but lies between that lot and her lot 15. · The finding of the court is to the contrary.

In an action where damages for trespass and an injunction against further trespasses are sought, if both title and possession are alleged and the answer is a general denial, as is the situation in the instant case, both title and possession are put in issue. *McNamara* v. *Watertown,* 100 Conn. 575, 578, 124 A. 244. The burden is upon the plaintiffs to prove their ownership of the land in dispute. *Texas Co.* v. *Slosberg,* 112 Conn. 357, 358, 152 A. 152. In *Pepe* v. *Aceto,* 119 Conn. 282, 286, 175 A. 775, upon which the defendant principally relies, we said: "While title to a particular tract of land, in the absence of any evidence to the contrary, draws possession with it, general possession of the tract will not avail as regards any particular piece of land unless it is satisfactorily shown to have been a part of that tract." In the defendant's deed lot 15 is bounded easterly by lot 16. The plaintiffs had lot 16 surveyed and staked and built the garage and driveway on it. The defendant did not claim at the

trial, nor request a finding, that the plaintiffs did not use the garage and driveway, and the trial court had no reason to make a specific finding as to such a use. There is no substance to the defendant's claim that the plaintiffs did not have such possession of the land in dispute as would support the judgment in their favor.

There is no error.

In this opinion the other judges concurred.