[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Stein, filed a one count complaint dated July 6, 1993, against the defendants, who are his brother, David Stein and Donna Hillebrand. The plaintiff seeks a declaratory judgment to quiet title to certain property in Westport.
The plaintiff alleges the following facts. In 1977, the plaintiff and David Stein acquired title to the Westport property as tenants in common. Hillebrand is the former wife of David Stein, having obtained a judgment of dissolution in 1982. The dissolution order required her former husband to pay alimony and child support to Hillebrand until March 1, 1998, at which time the alimony obligation could be reviewed. The dissolution order provided further that the plaintiff's and David Stein's interest in the Westport property would be mortgaged as security for the alimony and support payments, provided that the plaintiff consented to the order. On April 9, 1984, David Stein granted a mortgage on the Westport property to Hillebrand, and subsequently quitclaimed his interest in the Westport property to the plaintiff, subject to Hillebrand's mortgage.
The plaintiff alleges that neither the monetary amount nor the time limit of David Stein's debt obligation can be determined from the language of the mortgage deed and, therefore, "[t]he conditions under which the plaintiff can obtain a release of the mortgage cannot be reduced to a sum certain." The plaintiff seeks a declaratory judgment determining that the mortgage deed is invalid.
On December 9, 1993, the plaintiff's motion for default for failure to appear was granted as to David Stein only. On July 5, 1994, the plaintiff moved (#107) for summary judgment on the ground that there is no question of material fact that the mortgage deed is invalid. In support of his motion the plaintiff attached his affidavit and a certified copy of the mortgage deed. Hillebrand, in opposing summary judgment, attached her affidavit and uncertified copies of the dissolution order and the mortgage deed.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, CT Page 11425567 A.2d 829 (1989). Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v.Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984).
The plaintiff argues that the mortgage deed is invalid since it lacks sufficient information on the amount and term of the debt obligation. The plaintiff argues that since the mortgage deed is invalid, he has title to the Westport property, free of any encumbrances. In response, Hillebrand argues that the plaintiff has not met his burden of proving the strength of his own title to the Westport property. Furthermore, Hillebrand argues that the mortgage deed is sufficiently definite under General Statutes § 49-31b.
"In all actions to quiet title, there is a single statute, General Statutes § 47-31, which is applicable to the plaintiff's claims . . . and which . . . supersedes any common law actions brought to determine record title or to claim any interest in real property." (Citation omitted.) Devita v. Esposito, 13 Conn. App. 101, 103-04,535 A.2d 364 (1987), cert. denied, 207 Conn. 807, 540 A.2d 375
(1988). "`Under General Statutes § 47-31, the party attempting to prove record title must prevail on the strength of his own title and not upon the weaknesses of his adversary.'" Id., 110, quotingPepe v. Aceto, 119 Conn. 282, 288, 175 A. 775 (1934). "How far back of his deed of acquisition one claiming title to property should go in proving his chain of title is not fixed by any particular rule. It really depends upon how far back careful preparation dictates he should go in order best to present his case in light of the claims of adverse parties." (Internal quotation marks omitted.) Rompe v. King, 185 Conn. 426, 432, 441 A.2d 114
(1981).
In the present case, the plaintiff attached several uncertified copies of deeds to his complaint. The plaintiff also submitted an affidavit with his motion for summary judgment, in which he states that he and his brother, David, acquired title to the property through a series of deeds filed between 1974 and 1977. The plaintiff states further that David Stein sold his interest in the property to the plaintiff in 1987. "Sworn or certified copies CT Page 11426 of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book § 381. In a quiet title action, deeds are essential evidence and the failure to submit certified copies may be fatal to a motion for summary judgment. See Koscelekv. Martin, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 036924 (July 8, 1992, Curran, J.). Since the plaintiff failed to attach certified copies of the deeds referred to in his affidavit, he has failed to establish that there is no genuine issue of material fact as to his title to the Westport property. Therefore, the plaintiff has not met his burden of establishing the strength of his title to the Westport property.
Furthermore, even if the copies of the deeds had been certified, genuine issues of material fact still remain as to whether the plaintiff was privy to the details of the mortgage deed. "A mortgage deed given to secure payment of a promissory note, which furnishes information from which there can be determined the date, principal amount and maximum term of the note shall be deemed to give sufficient notice of the nature and amount of the obligation to constitute a valid lien securing payment of all sums owed under the terms of such note." General Statutes §49-31b(a). General Statutes § 49-31b(a) "is a `safe harbor' provision setting forth sufficient, but not necessary, conditions for giving notice of a secured obligation to subsequent lien creditors." Dart Boque Co. v. Slosberg, 202 Conn. 566, 572, 522 A.2d 763 (1987). The purpose for providing "`reasonable notice' is to prevent parties that are not privy to the transaction from being defrauded or misled." Connecticut National Bank v. Esposito, 210 Conn. 221,227, 554 A.2d 735 (1989). "The principle that a mortgage deed must with reasonable certainty set forth the nature and amount of the debt is relevant in determining the validity of the mortgage as against subsequent encumbrancers but not as between the parties themselves." (Internal quotation marks omitted.) Burt's SpiritShop, Inc. v. Ridgway, 215 Conn. 355, 366, 576 A.2d 1267 (1990).
In the present case, the dissolution order stated that the plaintiff's interests in the Westport property could be mortgaged as security for the alimony and support payments, as long as the plaintiff consented in open court to the mortgage.[1] In her affidavit, Hillebrand states that the plaintiff was present in court and consented to the encumbering of the Westport property. Thus, a genuine issue of material fact exists as to whether the plaintiff was privy to the circumstances of the mortgage. If the plaintiff was aware of the circumstances of the mortgage, the certainty of the language in the mortgage is irrelevant. CT Page 11427 Therefore, since issues of fact exist as to the plaintiff's knowledge of the details of the mortgage deed, as well as to the strength of the plaintiff's title, the motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE