[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (hereinafter "CLP") filed an eight count complaint sounding in contract and unjust enrichment against the Bernard Posner, Charles C. Levinson and Candlewood Associates (hereinafter "defendants"), arising out of their alleged failure to pay for electrical services provided by CLP. The defendants have filed an answer together with three special defenses.
The first special defense recites that "[t]he defendant Candlewood Associates was coerced into entering into the alleged contract by the plaintiff, which improperly and unlawfully threatened to cut off its service to the then tenant and occupant of the subject property which would have led to severe flooding from an inoperable sump pump. Defendant only agreed to take responsibility for electrical service for the sump pumps and security lighting on the subject property."
The second states that "[d]uring the entire period covered by the disputed electrical damages, defendant Candlewood Associates was out of possession of the subject property and suing to recover possession thereof. The plaintiff misled defendant into believing that defendant's account only covered electrical service for the sump pumps and security lighting, by providing the defendant with interim billings indicating a low level of electrical consumption. The plaintiff's own supervisor inspected the subject property on more than one occasion, noticed that electrical heat was being used and failed and neglected to so inform defendants. The plaintiff's interim billing was misleading and deceptive."
The third and last special defense asserts that "[t]he defendant Candlewood Associates agreed to pay for electrical CT Page 12713 service only for the operation of the sump pumps and security lighting at the subject property which the defendant estimates to total less than $2500. Therefore, the defendants are not liable to the plaintiff for any greater amount claimed by the plaintiff." On August 7, 1995, CLP filed an amended motion to strike on the grounds that the defendants' special defenses are conclusory. In addition, they claim that none of the special defenses contain facts that are consistent with CLP's allegations but show, notwithstanding, that it has no cause of action.
A motion to strike contests the legal sufficiency of a pleading. Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15. In ruling on a motion to strike, the court has an obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency. ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536. "Indeed this court is limited to the facts alleged in the defendants' . . . special defense[s] and cannot be aided by the assumption of any facts not alleged in [the] special defense[s]." First Federal Bank ofConnecticut v. Zavatsky, 9 CSCR 420 (March 15, 1994, Moraghan, J.). The essence of all three of the defendants' special defenses is that the terms of the contract under which the defendants were operating, whether express or implied, were different from those alleged by CLP in its complaint.[1]
A special defense, to be legally sufficient, "requires pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that the plaintiff has no cause of action.'" First Federal Bank of Connecticut v.Zavatsky, supra, 421, quoting Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 03 45 16 (April 2, 1993, Curran, J.); see also Practice Book § 164. The defendants' allegations in their special defenses are not consistent with CLP's recitation of the facts, rather, they are wholly inconsistent with them. Therefore, the special defenses do not comply with Practice Book § 164. FirstFederal Bank of Connecticut v. Zavatsky, supra; see also Amentav. Nationwide Property and Casualty Insurance Co., 8 CSCR 915
(July 27, 1993, Mullarkey, J.) (motion to strike granted where the special defenses merely "seek to reduce the amount of any damages awarded to the plaintiff").
At trial, the defendants can introduce "evidence that the CT Page 12714 contract between the parties was different from that stated in the complaint, without setting it up in [their] answer." Ferriev. Sperry, 85 Conn. 337, 342, 82 A. 577 (1912). It is, therefore, unnecessary for the defendants to specially plead their interpretation of the contract. Since the defendants' allegations in their special defenses are not consistent with the allegations in CLP's complaint, CLP's motion to strike all twenty-four of the defendants' special defenses is granted.
Moraghan, J.