THOMAS H. MOLLOY vs. THOMAS P. ROURKE.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The plaintiff sought to recover one fourth of the net profits of a sale of real estate, and the defendant admitted that there had been an understanding between them that the plaintiff should contribute one quarter of the expenses and be entitled to one quarter of the profits, but claimed that such arrangement had never been consummated. *Held:*—

1. That whether such an agreement existed and was carried out so far as the plaintiff was concerned, were questions of fact for the trial court to determine from all the evidence; and that the record disclosed nothing to impugn the conclusions reached, which were favorable to the plaintiff.

2. That a gratuitous payment of $1,000 made by the defendant to a third person could not properly be charged as an expense attending the sale.

The trial court excluded evidence of the plaintiff's pecuniary condition when offered by the defendant as tending to show the improbability of the plaintiff's statement that he assumed liability for one quarter of the expenses. *Held* that this was not erroneous, as such evidence was too remote and uncertain to afford any reasonable presumption of the principal fact.

Argued April 13th—decided June 14th, 1910.

ACTION for an accounting of the profits of a sale of real estate, and for payment of the amount found due thereon, brought to and tried by the Superior Court in New Haven County, *Curtis, J.;* facts found and judgment rendered for the plaintiff for $1,591, and appeal by the defendant. *No error.*

*Levi N. Blydenburgh,* for the appellant (defendant).

*James D. Hart,* for the appellee (plaintiff).

RORABACK, J.   The complaint alleges that on or about the       day of June, 1908, the plaintiff and the defendant agreed to negotiate for an option upon, and also for the purchase of, a certain piece of property situated in the city of New Haven, on Water Street, known as the Halstead & Harmount property, which at that time was owned by the Middletown Savings Bank, of Middletown, Connecticut; title was to be taken in the name of the defendant, and the property was to be resold for the benefit of the plaintiff and the defendant, or any other partners in the transaction.   The plaintiff was to pay one fourth of the purchase price, and in return was to receive one fourth of the profits, after deducting proper expenses, which might accrue from a sale of the property.   The defendant, on the       day of November, 1908, obtained an option on the abovementioned property from the Middletown Savings Bank, in pursuance of his agreement with the plaintiff. The plaintiff paid the defendant $750, in two instalments, one of $250 and another of $500, being one fourth of the amount which the defendant had to pay.

On the       day of January, 1909, the defendant bought the property for $55,000, in pursuance of his agreement with the plaintiff, and on the same day conveyed it to the city of New Haven for $74,750, less the

taxes then due and owing to the city upon said property, which amount was $1,059.70, making the net selling price $73,690.30. The plaintiff conformed to his agreement with the defendant, but the defendant has not accounted for the profits from such sale, though repeated demands have been made.

The appellant has pursued the remedy given by General Statutes, § 797, for a correction of the finding, and asks that it may be corrected by changing certain paragraphs. An examination of the evidence shows that the paragraphs of the finding, questioned by the motion to correct, are sustained; the motion to correct is therefore denied, and the case considered upon the finding as made by the court below.

The defendant conceded all the material allegations of the complaint excepting those relating to the contract relations which were claimed to have existed between the plaintiff and the defendant. There was evidence from which the court below could properly infer that a contract existed between the plaintiff and the defendant by virtue of which the plaintiff was to have one fourth of the profits of the undertaking. The defendant concedes that such was the understanding under the alleged contract made in June, 1908, but claims that the June arrangement was never consummated.

The court below found that the defendant, in pursuance of this June agreement, in November and December, 1908, procured an option for the purchase of this property for $55,000; that the defendant, in November, 1908, and in January, 1909, paid the bank, in conformity with the terms of this option, $3,000, of which amount the plaintiff contributed $750 as a holder of a one-fourth interest in the transaction. In this connection it is quite significant to observe that it is conceded that the defendant paid the bank $3,000 for the

privilege of purchasing this real estate, of which amount the plaintiff gave $750. It is also important to notice that the defendant (when testifying before a committee of the city of New Haven, which, previous to the commencement of this action, made an investigation of the sale of this property) said that the plaintiff was entitled to one fourth of the profits of this undertaking. Whether such an agreement existed and was carried out by the plaintiff were questions of fact for the Superior Court to determine from all the evidence. There is nothing in the record to indicate that the court's conclusions were not right.

It is charged that the court erred in holding that the defendant was not entitled to charge, as a part of the expenses of the sale, $1,000 paid to one James McGann, for services. If the defendant is entitled to have this item allowed, it must be because McGann had some legal claim to the money. The evidence shows that McGann had no claim, either express or implied, for services rendered in this matter, which he could enforce against any one. McGann did nothing, and was not expected to do anything, in connection with the sale of the property. The court below was justified in reaching the conclusion that no recovery can be had for the defendant's gratuitous payment of $1,000 to McGann.

There was no error in excluding evidence of the pecuniary inability of the plaintiff, offered by the defendant for the purpose of showing the improbability of the claim that the plaintiff had assumed the one quarter liability by the contract made with the Middletown Savings Bank. No fair inference can be drawn that the plaintiff did not enter into this contract because he did not have as much property as the defendant. Such evidence is too remote and uncertain to afford any reasonable presumption of the principal

fact. *Daby* v. *Ericsson*, 45 N. Y. 786, 791; *Keeler* v. *Salisbury*, 33 id. 648, 656.

There is no error.

In this opinion the other judges concurred.