MARK J. ZELLER *v.* JACK KUGELL

BALDWIN, DALY, KING, MURPHY and MELLITZ, Js.

Argued April 2—decided April 22, 1958

*T. Holmes Bracken,* for the appellant (plaintiff).

*David B. Greenberg,* for the appellee (defendant).

PER CURIAM. The plaintiff and his wife owned a dry cleaning establishment in Branford known as Branford Cleaners. It was operated by Fred Melillo and John Carr under an agreement to purchase. The cleaning of the garments left at Branford Cleaners was done in a shop owned by the defendant. In September, 1955, a fire at the defendant's shop damaged and destroyed a substantial number of the garments which had been received from Branford Cleaners. The plaintiff brought suit, claiming that the defendant had contracted with him to insure these garments against loss by fire. He attempted to prove this by the testimony of Melillo and Carr. The trial court concluded that there was no contract as claimed by the plaintiff. It also concluded that the plaintiff had failed to prove that an insurance policy carried by the defendant, the proceeds of which the plaintiff claimed as a third party beneficiary, covered the loss of the garments.

Under the circumstances of this case, the existence of the contract turned upon an issue of fact. *Molloy v. Rourke,* 83 Conn. 196, 199, 76 A. 517; *Leigh v. Smith,* 138 Conn. 494, 496, 86 A.2d 567. The plaintiff seeks extensive corrections in the finding, but no change is warranted which can affect the conclusions reached. This court cannot retry a case on the record. *Ball v. Branford,* 142 Conn. 13, 15, 110 A.2d 459. Upon the issue whether the plaintiff's loss was within the coverage of the defendant's insurance policy, it was found that the plaintiff himself carried a policy of insurance upon which he had made claim. The defendant's policy excepted risks which were covered by any other insurance. Even if this had not been so, the plaintiff could not, in this action, enforce any claim against the defendant's insurance company, since it was not a party. Furthermore, the plaintiff's contention in this respect, as well as other claims of law pressed in his brief and in argument, cannot be considered because it does not appear that they were clearly raised at the trial as required by the rule. Practice Book § 154; *Zavisza v. Hastings,* 143 Conn. 40, 44, 118 A.2d 902. The plaintiff conceded in argument in this court that they were not submitted to the trial court in writing until after the memorandum of decision had been filed.

There is no error.