## Richard Wall *v.* Ray Wason

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 4—decided December 16, 1958

*T. Holmes Bracken,* for the appellant (defendant).

*Dennis N. Garvey,* with whom were *John W. Colleran* and, on the brief, *Lewis E. Caplan* and *Richard A. Dice,* for the appellee (plaintiff).

MELLITZ, J. The plaintiff brought this action to recover a balance alleged to be due him for the construction of two dwelling houses on land owned by the defendant in Hamden. From a judgment for the plaintiff the defendant has appealed.

With such corrections as are warranted, the facts found are as follows: The defendant owned real estate in Hamden on which he desired to construct houses for sale to the public. In September, 1952, he entered into an oral agreement with the plaintiff for the construction of a house known as the Carlson house. Under the agreement, the plaintiff was to handle the construction details and the defendant was to supervise the work and furnish the financing. In the spring of 1953 they commenced another house, referred to as the Cuthbertson house. Shortly after its construction was begun, the defendant suggested that he and the plaintiff reduce their agreement to writing, and he drafted an agreement which they signed. In it, the plaintiff was referred to as the contractor and the defendant as the seller. It provided that the defendant should furnish the financing and supervision and the plaintiff should (1) handle all details of construction, (2) furnish reports on costs and payments, (3) obtain release of lien rights from subcontractors, and (4) "save the seller from any responsibility whatsoever except financing and supervision." The defendant, as seller, was to be paid (1) $2000 for the lot, (2) "all costs incident to the construction and the sale of the premises," (3) a commission of $366, and (4) 5 per cent on any money advanced. The plaintiff, as contractor, was to re-

ceive any balance from the sale of the premises on completion of payment by the buyer. During the construction of the houses, the plaintiff furnished the defendant with periodic accountings, and, upon completion, with final accountings. The defendant was credited and paid in accordance with the agreement. From the balance, he retained $2000 pending settlement of claims on the contracts with the purchasers of the houses and the outcome of the Carlson suit hereinafter mentioned. He signed the contracts of sale with the purchasers, collected the proceeds of the sales, retained the sums due him from the proceeds, and had complete charge of the disbursement of all moneys. Just prior to the conveyance of the Cuthbertson house, a suit was brought against the defendant by the purchasers of the Carlson property on a claim that there was a misrepresentation as to the front boundary. The Cuthbertsons made complaints to both the plaintiff and the defendant concerning defects in their house, particularly with reference to the plumbing. The plaintiff refused to make repairs, but the defendant made them at a cost of $387. On March 24, 1955, after a conference between the parties and their attorneys, the defendant, without prejudice, paid the plaintiff $500 out of the $2000 he had retained. In June, 1955, judgment was rendered against the defendant in the Carlson suit for $3500 damages, which the defendant paid, together with an attorney's fee of $1000 for defense of the suit.

The trial court overruled the claim of the defendant that he was entitled to reimbursement from the plaintiff for the moneys paid out by him on both houses, and rendered judgment for the plaintiff to recover the $1500 balance retained by the defendant.

The claim of the defendant, set up in a special de-

fense, is that he is entitled to reimbursement under the contract provisions that he was to be paid "all costs incident to the construction and the sale of the premises" and that the plaintiff would save him "from any responsibility whatsoever except financing and supervision." The defendant seeks to interpret the latter clause as an undertaking on the part of the plaintiff to indemnify him or save him harmless from loss. The clause was the final provision in the paragraph which enumerated the activities required of the plaintiff in the execution of the enterprise. It served to emphasize that the defendant's activity was to be confined to financing and supervision and was not to extend to any other matter which might be involved in the construction of the houses. The court ruled correctly that there was no undertaking by the plaintiff to save the defendant harmless from loss.

As to the repairs made by the defendant on the Cuthbertson house, the plaintiff denied that there was any contractual obligation to make them. The court sustained the plaintiff's contention. There is nothing in the record to require a finding that there was a legal obligation to make the repairs. In the absence of such an obligation, the defendant acted gratuitously and is not entitled to reimbursement. *Molloy* v. *Rourke,* 83 Conn. 196, 199, 76 A. 517.

The court concluded that the defendant was not entitled to be reimbursed for the payment of the judgment in the Carlson suit and for the cost of defending it. The defendant alone was sued. It does not appear that he took any steps to cite the plaintiff in to defend or participate in the defense of the action as a defendant. As far as appears, the plaintiff's participation in the action was limited to his appearance as a witness, called by the defendant.

The claim of the defendant that the plaintiff was, in any event, obligated to share the loss, on the ground that they were engaged in a joint adventure, was properly overruled. Their arrangement contemplated no division of profits, as such—an essential element of a joint adventure in a business relationship such as this. *Hodgman* v. *Citizens Public Utilities, Inc.,* 110 Conn. 571, 582, 148 A. 658. By the terms of the agreement, the amount to be paid to the defendant was fixed and had no relation to any profit from a sale. He could look to nothing beyond payment of the sums specifically enumerated in the agreement. See *Keiswetter* v. *Rubenstein,* 235 Mich. 36, 39, 209 N.W. 154, and *Barry* v. *Kern,* 184 Wis. 266, 269, 199 N.W. 77, for instances where parties carried on similar operations but their agreement called for a division of profits and they were held to have engaged in a joint enterprise. The finding is that the defendant alone signed all sales contracts and deeds and attended to the closings of the sales, and that he had complete charge of the disbursement of all moneys. The fact that the plaintiff consented to the withholding of $2000 pending the outcome of the Carlson suit did not necessarily imply an admission of responsibility on his part in the matter. The court refused to find that the Carlson claim constituted a cost "incident to the construction and the sale of the premises." Nothing in the record requires an interpretation of the contract contrary to that made by the court. Its conclusion is confirmed by the application of the principle that, when two meanings are possible, an agreement is to be construed against the party who drew it. *Dorne* v. *Williams,* 140 Conn. 193, 201, 98 A.2d 796.

There is no error.

In this opinion the other judges concurred.