JAMES TRIANO *v.* SUSAN BRODOWY

KING, C. J., MURPHY, SHEA, ALCORN AND COMLEY, JS.

Argued December 5, 1963—decided March 3, 1964

---

*Frederic E. Mascolo,* with whom, on the brief, were *Robert L. Brooks* and *Stephen K. Elliott,* for the appellant (plaintiff).

*Joseph H. Thalberg,* with whom, on the brief, was *Thomas J. Galick,* for the appellee (defendant).

COMLEY, J. The plaintiff seeks an injunction to restrain the defendant from interfering with his use, as a part of his driveway, of a small, triangular strip of land located between their adjoining lots on South Main Street in Southington. The plaintiff claims more than an easement by prescription; he asserts full title by adverse possession.

The court found that the plaintiff's user of the strip as part of his driveway did not commence until 1947 and that the user terminated in 1958, when the defendant erected a fence across the strip. The court therefore concluded that the plaintiff had not established adverse possession for the requisite period of fifteen years. The plaintiff attacks this finding and calls attention to evidence offered by him that his user has been continuous since 1929. This evidence was in direct conflict with the evidence offered by the defendant which fully supports the court's finding. We cannot retry the facts or pass upon the credibility of witnesses. *Zeller* v. *Kugell,* 145 Conn. 729, 730, 141 A.2d 240; *Bridgeport-City Trust Co.* v. *Buchtenkirk,* 143 Conn. 531,

537, 124 A.2d 231. Since no correction of the finding can be made, the plaintiff's appeal must fail.

There is no error.

In this opinion the other judges concurred.