LORN C. MARQUIS ET AL. *v.* JOHN F. DROST

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued June 14—decided July 6, 1967

*Philip Bayer,* with whom were *Herbert A. Phelon, Jr.,* and, on the brief, *Dominic J. Squatrito,* for the appellants (plaintiffs).

*Stephen E. Ketcham,* for the appellee (defendant).

House, J.  This is a statutory action to settle the title to land, brought pursuant to the provisions of § 47-31 of the General Statutes.  The plaintiffs

are the owners of property known as 72 Grand Avenue in Vernon and designated as lot 16 on a plan of lots of Amelia Horn filed in the office of the town clerk in 1888. The defendant is the owner of the adjoining property on the east, known as 68 Grand Avenue and designated as lot 17 on the Horn map. The controversy concerns a strip of land running along the entire easterly portion of lot 16. The strip is seven feet wide on Grand Avenue and diminishes to a width of 3.2 feet at the rear of the lot. It is undisputed that each deed in the plaintiffs' chain of title to lot 16 expressly excluded and excepted this strip from the conveyance of the lot. On the other hand, each deed in the defendant's chain of title to lot 17 expressly included the strip as a separate additional parcel. The plaintiffs claim title to the strip by adverse possession. The defendant claims title by deed.

The complaint, as amended, follows the form suggested by Practice Book Form No. 395. In addition to a prayer for "[a] judgment determining the rights in or to said land and settling the title thereto," it seeks damages, attorneys' fees and general equitable relief. Following a denial of the allegation that the plaintiffs owned the strip, the defendant, as prescribed by General Statutes § 47-31, alleged his ownership of it and his chain of title by deeds running back to 1923. The claim for relief called for a full determination of the rights of the parties in the land. *Spelke* v. *Shaw*, 114 Conn. 272, 283, 155 A. 715. We had recent occasion to discuss at length proper pleadings and procedure in an action brought to quiet title, and there is no need to repeat here what we said in *Lake Garda Improvement Assn.* v. *Battistoni*, 155 Conn. 287, 293, 231 A.2d 276. Upon the filing of

such pleadings as those prescribed, § 47-31 provides that "[t]he court shall hear the several claims and determine the rights of the parties, whether derived from deeds, wills or other instruments or sources of title, and may determine the construction of the same, and render judgment determining the questions and disputes and quieting and settling the title to such property." Nevertheless the judgment as rendered does not follow the mandate of the statute or the relevant concluding portion of the form of judgment suggested in Practice Book Form No. 512 but simply "finds the issues for the defendant." From this judgment the plaintiffs have appealed.

Although the plaintiffs originally assigned a great number of errors in the court's finding of facts and in its refusal to find other facts, most of these assignments have been abandoned in their brief on the appeal. *Bartlett* v. *Flaherty,* 155 Conn. 203, 205, 230 A.2d 436; *Derby Savings Bank* v. *Kurkowski,* 155 Conn. 60, 63, 230 A.2d 26. As to the portions of the finding of facts as to which the assignment of error is pressed, we find a conflict in the evidence and that there is evidence which fully supports the court's finding. As to those facts claimed by the plaintiffs but not found by the court, we find none which should be added as admitted or undisputed facts. We cannot retry the facts or pass upon the credibility of witnesses. *Triano* v. *Brodowy,* 151 Conn. 445, 446, 199 A.2d 164; *Zeller* v. *Kugell,* 145 Conn. 729, 730, 141 A.2d 240.

From the evidence, the court concluded that the plaintiffs had failed to sustain their burden of proving, within the purview of the allegations of their complaint, that they owned the strip of land in controversy by virtue of the fact that they and their

predecessors in title had used the strip of land for more than fifteen years openly, visibly, notoriously, adversely, exclusively, continuously, uninterruptedly and under a claim of right. The subordinate facts support this conclusion, and, the plaintiffs having failed to sustain their burden of proof on these essential claims, they cannot prevail. General Statutes § 52-575; *Short Beach Cottage Owners Improvement Assn.* v. *Stratford,* 154 Conn. 194, 199, 224 A.2d 532; *Barrs* v. *Zukowski,* 148 Conn. 158, 166, 169 A.2d 23; *Goldman* v. *Quadrato,* 142 Conn. 398, 402, 114 A.2d 687; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 694, 88 A.2d 379.

The plaintiffs claimed that their title by adverse possession accrued by tacking. To their own alleged adverse possession from the time they acquired title to 72 Grand Avenue from George and Frances Edmonds in 1960, they claim the right to tack the adverse possession of the Edmonds' and their predecessors in title back to 1949. The court, however, expressly found that the Edmonds', who owned lot 16 from 1954 to 1960, did not use the strip of land or any portion of it in connection with their land in any manner adverse to the interest of Richard J. St. Louis, the then owner of record title to lot 17 and to the strip. It further concluded that the Edmonds' did not take possession of the strip of land or any portion of it. The plaintiffs have vigorously attacked this finding and conclusion, and in so doing they rely on the contrary testimony of Mrs. Edmonds. Their attack, however, is futile. The trial court in its memorandum of decision expressly stated that it believed none of the relevant testimony of Mrs. Edmonds. The question of credibility is for the trier. *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529; *Morrone* v. *Jose,* 153 Conn.

275, 277, 216 A.2d 196. Of course, the failure of the court to believe the testimony of Mrs. Edmonds did not authorize an affirmative finding to the contrary; *Panicali* v. *Connecticut State Board of Labor Relations,* 147 Conn. 344, 348, 160 A.2d 903; but there was affirmative evidence to support the court's finding, and, in any event, since the plaintiffs had the burden of proof, they could not prevail in the absence of a finding that they had proved that the Edmonds' had used the strip adversely. In the face of the finding and conclusion of the trial court and the resultant six-year gap from 1954 to 1960 in the necessary fifteen-year period for the acquisition of title by adverse possession, the plaintiffs' claim must fail.

Under the circumstances, we but briefly note the additional ground upon which the trial court decided the case. The record discloses that each deed in the plaintiffs' chain of title to lot 16 expressly excepted and excluded from the grant any interest in the controversial strip. In addition, the court found that neither the plaintiffs' grantors in 1960 nor their predecessor grantor in 1954 orally conveyed the strip which each had excepted from their grants by deed. Accordingly, even disregarding the effect of the express exception of the strip in the deeds and the 1954–1960 break in the continuity of adverse possession during the time the Edmonds' held title to the remainder of lot 16, there was lacking the connection between successive adverse claimants which is necessary to the successful acquisition of title by tacking successive adverse possessions under the rule noted in such cases as *Smith* v. *Chapin,* 31 Conn. 530. See 3 Am. Jur. 2d, Adverse Possession, §§ 58–64; note, 17 A.L.R.2d 1128, 1155.

We find no error in the conclusion of the trial court that the plaintiffs failed to prove title in themselves, acquired by adverse possession, and accordingly no error in the judgment finding the issues for the defendant.

Although this conclusion is determinative of this appeal so far as the asserted rights of the plaintiffs in the strip are concerned, we are constrained to comment on the judgment as rendered. As we have noted, the judgment does no more than find the issues for the defendant. Clearly, this is an adjudication that the plaintiffs have failed to establish their asserted title to the strip by adverse possession, an issue on which the plaintiffs had the burden of proof. *Loewenberg* v. *Wallace,* 147 Conn. 689, 698, 699, 166 A.2d 150. The judgment, however, does not affirmatively adjudicate the title claims of the defendant, and in this respect the judgment is deficient in that it does not comply with the statutory mandate that the court, in a proceeding brought pursuant to General Statutes § 47-31 "shall . . . render judgment determining the questions and disputes and quieting and settling title to such property." The court "failed to make that positive determination of the rights of the parties which the statute contemplates." *Lake Garda Improvement Assn.* v. *Battistoni,* 155 Conn. 287, 295, 231 A.2d 276. The court, in its finding, concluded that the defendant proved title in himself. This conclusion was assigned as error by the plaintiffs and contested in their brief. It is their contention that, since the court found that the plaintiffs acquired lot 16 by deed in 1960 and immediately also took possession of the strip, using it as their own until June, 1964, and that the defendant acquired record title to the strip by a deed from St. Louis in 1963,

it follows that the defendant's grantor, St. Louis, had been ousted of possession when he deeded the strip to the defendant and hence under the provisions of § 47-21 of the General Statutes that deed to the defendant was void.[1]

There is merit to this contention of the plaintiffs, and, if the deed to the defendant was void as to this strip by reason of the statute, the defendant had no interest in the strip at all, and the judgment should have so declared. *Loewenberg* v. *Wallace,* supra, 695.

Since, however, the decision of the trial court that the plaintiffs themselves have no title or interest in the strip must stand and since the defendant has taken no appeal, this last phase of the case and the assignments of error based thereon become of no importance on this appeal and need not be determined. Having failed to prove their own title, the plaintiffs are not permitted to question that of the defendant, nor to assign as error the rulings of the trial court relating thereto. *Ball* v. *Branford,* 142 Conn. 13, 17, 110 A.2d 459; *Borden* v. *Westport,* 112 Conn. 152, 168, 151 A. 512; *Roberts* v. *Merwin,* 80 Conn. 347, 350, 68 A. 377. "This is but an application of the settled rule that in a controversy under [General Statutes] § 47-31 over the title to, or an interest in, real estate, a party can prevail, that is, can obtain an adjudication of title or an interest in himself, if at all, only on the strength of his own title or interest as distinguished from the weakness of the title or interest of his adversaries." *Loewen-*

---

[1] "Sec. 47-21. DEEDS OF LAND BY PERSONS OUSTED OF POSSESSION, VOID. Any conveyance or lease, for any term, of any building, land or tenement, of which the grantor or lessor is ousted by the entry and possession of another, unless made to the person in actual possession, shall be void."

*berg* v. *Wallace,* 147 Conn. 689, 698, 166 A.2d 150; *Pepe* v. *Aceto,* 119 Conn. 282, 288, 175 A. 775.

There is no error.

In this opinion the other judges concurred.