Anna B. EDDINGTON, Plaintiff and Appellant,

v.

Burk O. CLEGG and Colleen Clegg, his wife, Defendants and Respondents.

No. 17160.

Supreme Court of Utah.

Dec. 4, 1981.

---

1. *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968), *Bryant v. Turner*, 19 Utah 2d 284, 431 P.2d 121 (1967).

Brant H. Wall, Salt Lake City, for plaintiff and appellant.

William J. Critchlow, III, Richard H. Thornley, Ogden, for defendants and respondents.

STEWART, Justice:

Plaintiff Anna B. Eddington brought this action to quiet title to a fourteen-foot strip of property in Park City, Summit County, Utah. She appeals from the trial court's dismissal of her complaint for no cause of action. Eddington contends: (1) that the evidence establishes, as a matter of law, that she obtained title to the disputed strip by adverse possession; and (2) that the defendant Cleggs are precluded from claiming the strip because their predecessors in interest failed to answer the complaint.

The disputed strip was part of a larger parcel originally owned by C. D. Clegg, grandfather of defendant Burk O. Clegg. In 1939 C. D. Clegg deeded the property (the "Clegg" property) to the McAfees, but reserved a fourteen-foot strip of land—the strip here in question. All subsequent conveyances also reserved that strip, except the conveyance from Frank L. Marcellin to plaintiff Eddington in 1965. No warranties, however, were extended to that portion of the property.

The disputed strip lies along the north side of the "Clegg" property. Eddington purchased the property just north of the disputed strip from a Mr. Walker (i.e., the "Walker" property) in 1964, one year prior to her purchase of the "Clegg" property. Thus, Eddington owns the property on both sides of the fourteen-foot strip.

Burk and Colleen Clegg became the record owners of the disputed strip by virtue of quitclaim deeds from other heirs of Mr. and Mrs. C. D. Clegg. From 1939 to 1965 taxes were neither assessed nor paid on the disputed strip. In 1966 Burk and Colleen Clegg requested the assessment of property taxes and have paid the assessed amounts ever since.

▮ The amended complaint made all heirs of C. D. Clegg parties to this action. Eddington claims that the failure of Clegg's heirs to respond to the complaint defeats Burk and Colleen Clegg's claim to the property. The claim is without merit. Prior to trial, Burk and Colleen Clegg acquired from C. D. Clegg's heirs quitclaim deeds covering the disputed strip and were therefore the only real parties in interest. Therefore, the default of the other heirs of C. D. Clegg did not affect the rights of Burk and Colleen Clegg.

Eddington also claims that, as a matter of law, she established title to the disputed strip by adverse possession. The governing statutory provision is Utah Code Ann., 1953, § 78–12–12, which provides:

In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party, his predecessors and grantors have paid all taxes which have been levied and assessed upon such land according to law.

▮ On appeal, we review the evidence in the light most favorable to the trial court's findings. *Rodgers v. Hansen*, Utah, 580 P.2d 233 (1978); *Cutler v. Bowen*, Utah, 543 P.2d 1349 (1975). The evidence establishes that Marcellin, Eddington's grantor of the "Clegg" property, took title in 1962 by a deed which expressly excepted the disputed strip from the grant. This express exception not only precluded the conveyance of any title previously obtained by adverse possession or otherwise, but it also prevented Marcellin from adding to his period of adverse possession that of a prior adverse possessor.

Although a prior period of adverse possession may be tacked to a subsequent period of adverse possession by a successor in interest to meet the statutory seven year requirement, the law does not permit tacking when the grantor expressly excludes from his conveyance that portion on which incipient adverse possession rights were established. *Home Owners Loan Corp. v. Dudley*, 105 Utah 208, 141 P.2d 160 (1943); *Trustees of Broadfording Church v. Western Maryland Railway Co.*, 262 Md. 84, 277 A.2d 276 (1971); *Marquis v. Drost*, 155 Conn. 327, 231 A.2d 527 (1967). See generally 3 Am.Jur.2d, *Adverse Possession*, § 63 (1962); Annot. 17 A.L.R.2d 1128, 1150–54 (1951).

Eddington's claim that her right stems from Mr. Walker's adverse possession was not sustained in the trial court. During the ten-year period Mr. Walker lived on the "Walker" property, a fence was maintained which enclosed a portion, but not all, of the disputed strip. The court found, based on substantial evidence, that the fence was not intended as a boundary line, but merely as a barrier for the containment of livestock. There is no finding that even the property within the fence was adversely possessed. The trial court clearly concluded that Eddington did not prove that Walker adversely possessed the disputed strip, or any part of it. Therefore, in establishing the requisite period of possession, Eddington could only calculate from 1964 when she acquired the Walker property and could not tack on any period of adverse possession prior to that. Because the Cleggs paid the taxes on the strip commencing in 1966, Eddington's claim is not justified by the statute.

Alternatively, in seeking to establish the requisite period based on her ownership of the adjacent "Clegg" property, Eddington could only tack on Marcellin's three year possession prior to her ownership period, which commenced in 1965 because the fourteen foot strip had been excepted from the conveyance to him in 1962. Since Eddington did not pay the assessed taxes from 1966 on, she did not meet the conditions of the statute.

Affirmed. Costs to respondents.

HALL, C. J., and HOWE and OAKS, JJ.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.