[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff bring this action to collect money allegedly owed by the defendants pursuant to a promissory note of the defendants and individual guarantee of the defendant William Paluska, Jr.
The plaintiff is a manufacturer of sporting goods who supplied sports equipment to the named defendant, a retailer of sports equipment. Mr. Paluska is the president of Win-Sum Sports, Inc. and signed the promissory note in the amount of $30,699.95 in that capacity as well as individually. He also individually signed a document entitled "General Continuing Guarantee" making him individually responsible for the note.
The plaintiff claims an unpaid balance of $7,416.25 as of May 15, 1992. The defendants, by way of special defense, claim an accord and satisfaction. The Court finds the issues for the defendants, as follows: CT Page 250
The note was signed in April 1991 and there came a time when the defendants were unable to make the payments in accordance with its terms. Rossignol retained Valley Creditors Services, a collection agency, to collect the monies owed.
In March of 1992, at a convention in Las Vegas, Nevada, Mr. Paluska met with John R. Swanson of Valley Creditors and Thomas Karns (phonetic spelling) an employee of Rossignol Ski Co.
At that meeting the parties reached a compromise agreement to settle Win-Sums debt. It was agreed that Win-Sum would pay $5,000.00 at that time, (which it did), a payment of $13,500.00 by March 16, 1992 and three payments of $1,000.00 each due May 1st, June 1st and July 1st, 1992, for a total of $21,500.00.
It was not unusual in the trade to compromise an outstanding debt along those lines.
The second payment of $13,500.00 was made by check dated March 13, 1992.
The $1,000.00 payment due on May 1st was actually received by Valley Creditors on May 22nd and deposited by that office.
In June, the defendant sent a final payment of $2,000.00 (to cover the payment due June 1st and the final payment due July 1st). That check was received by mid-June, but was not cashed. The plaintiff claims that the defendant has defaulted on the compromise agreement thus the entire debt was reinstated.
The letter of March 5, 1992 purporting to confirm the oral understanding of the parties was not signed by the defendants and was drafted by Rossignol or its agent. Any ambiguous terms are construed against the drafting party. Wall v. Watson, 146 Conn. 32
(1989); Sturman v. Socha, 191 Conn. 1 (1983).
The letter does not specifically indicate that time is of the essence. In fact, in his business, Mr. Swanson could unilaterally determine when a payment was considered late, which is further evidence that in accordance with generally recognized rules of commercial dealings, as well as those construing contracts, in such cases there is a reasonable time permitted for performance. Kakalik v. Bernardo, 184 Conn. 392 (1981).
In addition, it is significant the defendants were reasonably CT Page 251 led to believe that time was not of the essence when the plaintiff accepted the payment due on May 1st, on May 22nd.
The Court concludes there was an accord and satisfaction in this case. Accordingly, judgment shall enter for the defendants.
Klaczak, J.