ROBERT J. SKELLY ET AL. *v.* CARL A.
BRUCHER ET AL.
(AC 33127)

Gruendel, Sheldon and Flynn, Js.

Argued January 12—officially released March 20, 2012

338

*David E. Rosenberg*, for the appellants (defendants).

*Thomas E. Cronan*, for the appellees (plaintiffs).

*Opinion*

SHELDON, J. This case involves a dispute between two neighboring couples concerning one couple's long-time use of part of the other couple's adjoining residential property for such purposes as constructing and maintaining a gravel driveway and a retaining wall, storing boats, trailers, and motor vehicles, discarding brush and setting up and using athletic equipment. The plaintiffs, Robert J. Skelly and Pamela M. Skelly, brought this action against the defendants, Carl A. Brucher and Stephanie Brucher, complaining that, by engaging in such activities on their property at 64 Five Field Road in Madison, the defendants had committed and were committing a trespass and had created and were maintaining a private nuisance on the property. As remedies for such allegedly tortious conduct, the plaintiffs sought both money damages and temporary and permanent injunctive relief, as well as an order from the court quieting title to the property in themselves.

The defendants answered the plaintiffs' complaint by denying the claims of trespass and nuisance, interposing as a special defense that they had acquired a prescriptive easement over part of the plaintiffs' property and filing a counterclaim alleging that they had acquired title to the disputed area by adverse possession. As relief on their counterclaim, they sought to quiet title

to the disputed area in themselves, basing their claim of adverse possession on what they claimed to have been more than fifteen consecutive years of open, hostile use and occupancy of the area, without consent by the plaintiffs, both by themselves and by the prior owners of their adjacent residential property, William West and Jane West.

The case was tried to the court on August 18 and 19, 2010. After hearing evidence from several witnesses, including Robert Skelly, Carl Brucher and William West, the court rendered judgment for the plaintiffs on their claim of trespass in the amount of $7000, found the plaintiffs' claim of nuisance to have been abandoned, and, upon rejecting and rendering judgment for the plaintiffs on the defendants' counterclaim of adverse possession, quieted title to the plaintiffs' residential property in the plaintiffs. The principal basis for the court's rejection of the defendants' claim of adverse possession was their failure to prove what particular portion of the plaintiffs' property, if any, they and the Wests continuously possessed in an open and hostile manner, without the plaintiffs' consent, for an uninterrupted period of at least fifteen years. This appeal followed.

On appeal, the defendants claim error in the court's rejection of their counterclaim, asserting particularly that the court's factual findings on their claim of adverse possession are clearly erroneous. They seek an order from this court reversing the trial court's judgment for the plaintiffs and remanding the case with direction to render judgment in their favor on the complaint and counterclaim. In the alternative, they ask that the trial court's judgment be reversed and that the case be remanded for further proceedings. The plaintiffs oppose the defendants' claims, arguing that the court's findings are well supported by the record and, thus, that its judgment should be affirmed. For the following

reasons, we agree with the plaintiffs and affirm the judgment of the trial court.

We first set forth the applicable case law and standard of review. "[T]o establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his [or her] own and without the consent of the owner." (Internal quotation marks omitted.) *Eberhart* v. *Meadow Haven, Inc.,* 111 Conn. App. 636, 640, 960 A.2d 1083 (2008); *Har* v. *Boreiko,* 118 Conn. App. 787, 798–99, 986 A.2d 1072 (2010). "It is sufficient if there is an adverse possession continued uninterruptedly for fifteen years whether by one or more persons. . . . [T]he possession [however] must be connected and continuous . . . ." (Citation omitted; internal quotation marks omitted.) *Durkin Village Plainville, LLC* v. *Cunningham,* 97 Conn. App. 640, 650–51, 905 A.2d 1256 (2006). "The use is not exclusive if the adverse user merely shares dominion over the property with other users." (Internal quotation marks omitted.) *Woycik* v. *Woycik,* 13 Conn. App. 518, 520, 537 A.2d 541 (1988).

"A finding of [a]dverse possession is not to be made out by inference, but by clear and positive proof. . . . [C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. . . . The burden of proof is on the party claiming adverse possession. . . .

"Despite [this] exacting standard, our scope of review is limited. . . . Because adverse possession is a question of fact for the trier . . . the court's findings as to this claim are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . A trial court's findings in an adverse possession case, if supported by sufficient evidence, are binding on a reviewing court . . . ." (Citation omitted; internal quotation marks omitted.) *Eberhart* v. *Meadow Haven, Inc.*, supra, 111 Conn. App. 640–41.

In reaching its decision, the trial court found the following facts. "The plaintiffs acquired title to property known as 64 Five Field Road in Madison on November 12, 2003, and continue to reside at that address. The defendants acquired title to 72 Five Field Road in Madison on August 18, 1998, and continue to reside at that address. Both properties are part of a subdivision described as 'Final Plan Five Fields' with the plaintiffs' property designated as lot 41 and the defendants' property designated as lot 42. The defendants' property abuts the plaintiffs' property on its north side. The common boundary between the two properties is a straight line running 271.54 feet from Five Field Road to the east boundary of both properties. East of both properties is other property in the subdivision described as 'open space.'

"At various times from August 18, 1998, to September 29, 2008, the defendants have engaged in the following activities located on the plaintiffs' property: constructed and maintained a retaining wall, maintained a

paved driveway, cleared and cut trees, shrubs and brush, constructed and maintained a gravel driveway beyond the paved driveway, parked and stored a boat and trailer in various locations, parked and stored motor vehicles in various locations, stacked and stored firewood in various locations, deposited brush, lumber, old Christmas trees and other debris in various locations, mowed grass and constructed and maintained a 'tetherball.'

"The defendants purchased their property from William West and Jane West on August 17, 1998. The Wests had owned the property since December 16, 1980. [William] West mowed the grass in an area owned by the plaintiffs, his children and other neighborhood children played in an area in the rear of the defendants' and the plaintiffs' property, he parked a motor vehicle on a paved driveway about ten feet onto the plaintiffs' property, and he had a compost pile in front of the paved driveway. The defendants seek to tack their ten years of alleged use and occupancy of the plaintiffs' property to at least five years of alleged use and occupancy by [William] West to satisfy the fifteen year requirement. The area of the plaintiffs' property occupied by [the Wests] was substantially less than the area occupied by the defendants.

"In 2003, the defendants refinanced their property. They executed the usual affidavit and mortgage deed in connection with the refinancing. The affidavit provided that there was no dispute or disagreement about the location of any boundary line, and the mortgage deed used the same description of their property that was used in the warranty deed when the defendants acquired the property in 1998.

"In 2008, the plaintiffs noticed the defendants clearing trees, shrubs and brush on what they believed was their property. They had a survey done by a licensed

land surveyor who put up surveyor's stakes along the boundary line. [Carl] Brucher removed the stakes so the plaintiffs had their surveyor install permanent monuments marking the boundary line. The boundary line established by the surveyor was consistent with the deeds to the two properties. In early 2008, the plaintiffs advised the defendants about the possible encroachments on their property. The defendants then removed the boat and trailer, the firewood and the tetherball from the plaintiffs' property but thereafter restored the tetherball on the plaintiffs' property."

Against the foregoing background, the court determined that the defendants were making their claim of adverse possession under a claim of right rather than a claim of title.[1] The rule for deciding a claim of adverse possession under a claim of right is as follows: "In the absence of color of title . . . and where a lot has no definite boundary marks, adverse possession can only extend as far as [the] claimant has actually occupied and possessed the land in dispute." (Internal quotation marks omitted.) *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 708, 899 A.2d 59 (2006), quoting *Community Feed Store, Inc.* v. *Northeastern Culvert Corp.*, 151 Vt. 152, 156, 559 A.2d 1068 (1989).

In applying this rule, the court determined that the defendants did not meet their burden of proving what specific areas of the plaintiffs' property the defendants and the Wests[2] before them had actually occupied and

---

[1] "Adverse possession may be asserted either under claim of title (where claimant took possession under a deed which is for some reason defective), or under a claim of right which arises from the open, notorious and hostile possession of the land at issue." (Internal quotation marks omitted.) *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 708, 899 A.2d 59 (2006). In its memorandum of decision, the court found that "[t]he defendants have conceded that the plaintiffs ha[d] proven that they d[id] hold the title interest in the 'disputed property' . . . ."

[2] Because the defendants had only owned their property for ten years at the commencement of this action, they had to tack at least five years of the Wests' use of the disputed area to meet the requisite fifteen year period for an adverse possession claim. The tacking doctrine permits those who

possessed. On this score, the court found as follows: "The pleadings, evidence, and brief filed by the defendants refer to the area of the plaintiffs' property which the defendants claim title to by adverse possession as the 'Disputed Property.'[3] The only reference in the defendants' brief to specific evidence describing the 'Disputed Property' is on page 9. The portion of the transcript referred to in the brief is insufficient to prove what land they have 'actually occupied and possessed.' The reference to a map 'produced for identification only' is apparently a reference to exhibit [number] four for identification, which was successfully objected to by the defendants. In addition, a sketch which was part of exhibit [number] five was not offered for the truth of what it showed."

In support of their claim that the foregoing finding is clearly erroneous, the defendants argue that the testimony of William West and Carl Brucher concerning their uses and maintenance of the disputed area, coupled with the map identified as exhibit number four, demonstrate that the Wests and the defendants occupied and possessed the same part of at least a portion of the disputed area. We disagree.

The mere existence of evidence tending to support a rejected claim of adverse possession does not establish that the court's finding that the claim was not proven by clear and convincing proof is clearly erroneous. William West's testimony, which was essential to the defendants' claim, was imprecise and indistinct on a number

have owned property for less than fifteen years to tack on the time the property was held in adverse possession by their predecessors in title. See *Marquis* v. *Drost*, 155 Conn. 327, 331–32, 231 A.2d 527 (1967).

[3] Although the court refers to the disputed portion of the plaintiffs' property as " 'Disputed Property,' " in their brief to this court, the defendants refer to it as the " '[d]isputed [a]rea.' " As such, we refer to it in this opinion as the "disputed area."

of points. Having sold his own property to the defendants more than ten years before he testified, he candidly conceded that it looked very different in the photographs that he was shown from when he had lived there. The uses he made of the property, moreover, were far less intensive and intrusive than those made by the defendants. Apart from parking a car on a ten foot strip and leaving compost in a twenty foot area beyond it, he merely planted raspberry bushes and mowed the lawn further back by the pool. Such uses were not known or believed to be hostile to his next-door neighbors, the plaintiffs' predecessors in title, and were not carried on to the exclusion of those neighbors under a claim of right.

Even if William West's testimony could have been understood to establish adverse possession by the Wests of at least a part of the plaintiffs' property, "[t]he trial court is free to accept or reject, in whole or in part, the evidence presented by any witness, having the opportunity to observe the witnesses and gauge their credibility. . . . This court defers to the trial court's discretion in matters of determining credibility and the weight to be given to a witness' testimony. . . . We cannot retry the matter, nor can we pass on the credibility of a witness." (Citations omitted; internal quotation marks omitted.) *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 878–79, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96 (2001). We conclude, therefore, that the court's non-reliance on William West's testimony to establish adverse possession was well within its discretion.

As for the map on which the defendants now claim to rely, the court rightly noted that it had been marked only for identification due to the defendants' own objection to its introduction at trial. It is axiomatic that "[e]xhibits for identification are not in evidence . . . ." C. Tait, Connecticut Evidence (3d Ed. 2001) § 1.29.3, p.

85. The defendants can hardly rely on the contents of a map that they themselves kept out of evidence to support their claim. On the basis of our limited scope of review in this case, we cannot say that the trial court's findings were clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.